**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001062
08-MAY-2013
12:05 PM**

NO. CAAP-12-0001062


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DANIEL IBBETSON,
Plaintiff/Counterclaim Defendant/Appellee
v.
DEAN KAIAWE,
Defendant/Counterclaim Plaintiff/Third-Party Plaintiff/Appellant,
v.
HAWAI'I CONFERENCE FOUNDATION, a Hawai'i nonprofit
corporation, and DEPARTMENT OF PUBLIC WORKS,
COUNTY OF HAWAI'I, a municipal corporation,
Third-Party Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 06-01-015K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that this court

lacks jurisdiction over Defendant/Counterclaim Plaintiff/Third-

Party Plaintiff/Appellant Dean Kaiawe's (Appellant Kaiawe's) appeal from the Honorable Elizabeth A. Strance's Final Judgment filed on November 5, 2012 in the Circuit Court of the Third Circuit (circuit court).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) authorizes appeals to the Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Hawai'i Rules of Civil Procedure (HRCP) Rule 58 specifically requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held:

> (1) An appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP 58; (2) if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified; (3) if the judgment resolves fewer than all claims against all parties, or reserves any claim for later action by the court, an appeal may be taken only if the judgment contains the language necessary for certification under HRCP [Rule] 54(b); and (4) an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b).

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

In the instant case, the Final Judgment resolves Appellant Kaiawe's Amended Third-Party Complaint, which it dismisses after entering judgment in favor of Third-Party Defendants/Appellees Hawaii Conference Foundation, a Hawaii nonprofit corporation, and Department of Public Works, County of

-2-

Hawaii, a municipal corporation, and against Appellant Kaiawe. **JERA doc. 29 at 1086.**

The Final Judgment purports to enter judgment in favor of Plaintiff/Counterclaim Defendant/Appellee Daniel Ibbetson (Appellee Ibbetson) and against Appellant Kaiawe on the complaint (Complaint) filed by Appellee Ibbetson on January 26, 2006; and "[Appellant Kaiawe's] Counterclaim to [Complaint]" (Counterclaim) filed on February 10, 2006. However, the Final Judgment (1) does not resolve the trespass claim set forth in Appellee Ibbetson's Complaint or contain the language necessary for certification under HRCP Rule 54(b); (2) does not specifically identify the claim it purports to resolve by declaring Appellee Ibbetson the owner of the Property, subject to various restrictions, easements, limitations, and conditions; and (3) confusingly enters judgment in favor of Appellee Ibbetson and against Appellant Kaiawe on the Counterclaim, but appears at least in part to award Appellant Kaiawe the declaratory relief he prayed for in the Counterclaim.

The Final Judgment states, "All claims and issues raised by the pleadings in this action have been disposed of in accordance with the foregoing provisions. There are no issues or claims remaining for disposition or adjudication." **JERA doc. 29 at 1087.** However, "[a] statement that declares 'there are no other outstanding claims' is not a judgment." Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4. "If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so[.]" Id.

-3-

Given the foregoing, the Final Judgment is not final and appealable.

Therefore, IT IS HEREBY ORDERED that Appellate No. CAAP-12-0001062 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 8, 2013.


Chief Judge


Associate Judge


Associate Judge